IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

PEGASUS AVIATION IV, INC.,

    Plaintiff,

v.

AEROTECH OPS, LLC,

    Defendant.

_____/

**COMPLAINT FOR BREACH OF CONTRACT; AND
DEMAND FOR JURY TRIAL**

Plaintiff Pegasus Aviation IV, Inc. ("Plaintiff" or "Pegasus"), by its undersigned counsel, files this Complaint for Breach of Contract and alleges against Defendant AeroTech Ops, LLC ("Defendant" or "ATOPS") as follows:

**NATURE OF ACTION**

1. This action arises from ATOPS's failure to properly perform aircraft engine inspection services for Pegasus in accordance with ATOPS's representations that it was an expert in the field and its promise to perform a full borescope inspection of Pegasus's Rolls Royce RB211-535E4B Aircraft Engine bearing ESN 31588 (the "Engine"). The purpose of the borescope inspection was to confirm that the Engine was serviceable at the end of the term of its lease to a third party. Pegasus accepted the return of the Engine from the lessee, believing it to be serviceable based on ATOPS's inspection and certification. A subsequent borescope inspection conducted in connection with the sale of the Engine to a new buyer, however, determined that the Engine was *not* in serviceable condition. The sale of the Engine to the new buyer was not completed, and Pegasus has been left with an engine that is not serviceable, and has suffered significant damages as a result of ATOPS's acts and omissions as alleged herein.

## PARTIES

2. Pegasus is a Delaware corporation with its principal place of business in San Francisco, California. Pegasus is the owner of the Engine.

3. ATOPS is a Florida limited liability company and its members, Ace Technical Services, Inc., R.A.M. Investments Corp. and Dragonfly Capital Aviation Services, Inc. are all citizens of Florida. ATOPS is a provider of inspection, maintenance, repair and overhaul services for aircraft engines.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2), and Defendant is subject to personal jurisdiction in this District, because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## FACTUAL BACKGROUND

### ATOPS's Representations Concerning Its Aircraft Engine Inspection Expertise

6. ATOPS is a provider of inspection, maintenance, repair and overhaul services for aircraft engines. SKY Aviation Leasing Management LLC ("SKY Leasing") is an aircraft leasing asset manager which, pursuant to a servicer agreement with Pegasus, manages all of the aircraft assets of Pegasus, including arranging all maintenance and inspections related to the Engine. ATOPS represented itself as a leader in aircraft engine borescope inspections in service discussions and negotiations that SKY Leasing had on Pegasus' behalf. ATOPS repeats those representations on its website: "WE SPECIALIZE IN VIDEO BORESCOPE INSPECTION WITH THE LATEST AND GREATEST 'STATE OF THE ART EQUIPMENT' IN THE AVIATION INSPECTION TECHNOLOGY MARKET." (https://www.atops.aero/services, capitalization in original.).

7. ATOPS's website also states that it employs "a combined workforce of FAA airframe and powerplant qualified technicians with extensive years of experience in the industry to ensure that our services are performed with the most extreme quality and professionalism in accordance with the manufacturers' references and standards." (*Id*.)

8. Pegasus relied on ATOPS's representations concerning its purported expertise and paid significant monies for ATOPS to provide it, *inter alia*, with a full borescope inspection of the Engine in connection with the return of the Engine to Pegasus following its lease to a third party.

**The Engine**

9. The Rolls Royce RB211 aircraft engine was a performance and reliability breakthrough when its first iteration was released in the 1970s. The RB211 engine was the first production three-spool engine, capable of generating tremendous thrust, while also being relatively light. That level of thrust, however, puts tremendous pressure on the engine components. Indeed, it is well-known in the aviation industry that the HP Compressor Rotor Path Liners of RB211 engines routinely suffer material loss as the result of this increased thrust. This material loss can, among other things, cause steep drops in fuel efficiency rendering the engine unprofitable to run, and therefore, unserviceable. Because the HP Compressor Rotor Path Liner loss is such as well-known problem within the industry, RB211 engine inspectors regularly inspect the HP Compressor Rotor Path Liners when asked to determine serviceability by performing a borescope inspection pursuant to the Boeing 757 Aircraft Maintenance Manual (the "AMM").

10. In its role was servicer of the Engine for Pegasus, SKY Leasing arranged for the Engine to be leased to a third party, Air Astana, from approximately October 2003 to January 2021. Under the terms of the lease with Air Astana, the Engine needed to meet certain return conditions at the end of the lease term, including that the Engine be in serviceable condition when returned. Based on ATOPS's purported expertise and representations, SKY Leasing engaged ATOPS, on behalf of Pegasus in its role as servicer of the Engine, to provide it, *inter*

*alia*, with a full borescope inspection of the Engine prior to accepting return of the Engine from Air Astana upon expiration of Air Astana's lease term.  ATOPS knew, or should have known, that Pegasus was engaging it to inspect the Engine to ensure that the Engine was in serviceable condition.

### ATOPS Promises To Perform Full Borescope Inspection Of The Engine

11. On December 18, 2020, Pegasus and ATOPS entered into an agreement for ATOPS to perform a full borescope inspection of the Engine:  Pegasus issued a purchase order to ATOPS for ATOPS to "[a]ccomplish full borescope inspection on ESN 31587, ESN 31588,[1] APU SN 1349 in accordance with the [AMM]" (the "Purchase Order").  The Purchase Order is attached as **Exhibit A**.

12. Pegasus provided ATOPS with the necessary and accurate information for ATOPS to be able to perform a full borescope inspection of the Engine pursuant to the Purchase Order.  Specifically, Pegasus provided ATOPS with all of the most current documentation, data and service history information related to the Engine.  Based on ATOPS's representations concerning its purported expertise with borescope inspections, Pegasus reasonably expected ATOPS's services to be reasonably diligent and compliant with industry standards of inspection.

13. On or around January 6, 2021, in response to receiving the Purchase Order, ATOPS employee Jesus Ruiz performed a borescope inspection of the Engine in Lleida, Spain. In doing so, ATOPS created a Borescope Inspection Report (the "BSI Report") concluding that it found "no unserviceable damage" in the Engine.  The BSI report, which was also reviewed and signed by ATOPS employee Edwin Caiaffa, states:  "This report . . . is submitted on behalf of AeroTech Ops LLC. and subject to the condition that it is understood and agreed that the contents are based on diligent inspection."  The BSI Report is attached as **Exhibit B**.

14. On or around January 11, 2021, ATOPS issued an "Invoice" to Pegasus for the services that ATOPS had performed on or around January 6, 2021, as well as a "Quote"

---

[1] ESN 31588 is the Engine at issue.

purporting to set forth certain estimates and terms and conditions for the work already performed by ATOPS.  Pegasus did not receive the Quote prior to performance of the borescope inspection and never signed the Quote.  The Invoice and Quote are attached as **Exhibits C and D**, respectively.

15. On or around January 12, 2021, ATOPS issued an "Authorized Release Certificate" stating that the Engine "was inspected per Boeing 757 aircraft maintenance manual (AMM) Rev # 126 dated 20 SEP 2020" (the "Release Certificate").  Contrary to Plaintiff's clear instruction to Defendant to perform a fully borescope inspection, the Release Certificate goes on to state that the "Engine received a limited scope of work as follows: 1. Perform Engine Borescope Inspection in reference with 72-00-00 PB 601 of the cited manual."  Finally, the Release Certificate stated that the Engine was "approved for return to service."  The Release Certificate is attached as **Exhibit E**.

### ATOPS's Breach And Misrepresentations Cause Pegasus To Accept Lease Return And Then Lose Sale

16. Given that ATOPS had agreed to use its expertise to perform a full borescope inspection and found the Engine to be serviceable, Pegasus accepted the return of the Engine from its lessee, Air Astana.  Pegasus would not have accepted the return of the Engine if ATOPS's inspection had determined the Engine, or any portion thereof, to be unserviceable.  Instead, under the lease terms, Air Astana would have been required to replace or repair the Engine to a serviceable condition at its own considerable expense.

17. In April 2021, Pegasus entered into an agreement with GA Telesis. LLC ("GA Telesis") to sell the Engine.  As a closing condition of that sale, the Engine needed to pass a borescope inspection by GA Telesis's inspector.  Based on ATOPS's expertise, representations, and Release Certificate finding that the Engine was serviceable, Pegasus expected that this additional borescope inspection would confirm ATOPS's determination that the Engine was serviceable, and the sale would close without any problems.

18. GA Telesis's inspection, however, determined that the Engine was *not* in a serviceable condition because the borescope inspection conducted by GA Telesis's inspector identified material loss on the HP Compressor Rotor Path Liners of the Engine. The sale transaction with GA Telesis for the Engine failed to close because the Engine failed the required borescope inspection.

19. On April 15, representatives of Pegasus informed ATOPS of the results of GA Telesis's borescope inspection via email. In response, ATOPS's President, Sam Albornoz admitted that ATOPS had "screwed up" in failing to inspect the HP Compressor Rotor Path Liners when it had promised to perform a full borescope inspection of the Engine.

20. Indeed, on April 16, 2021, Mr. Albornoz provided Pegasus with a copy of an "Employee Performance Notice" reflecting the termination of Mr. Ruiz, the ATOPS employee that purportedly inspected the Engine. That Notice states that during his borescope inspection of the Engine, "Mr. Ruiz failed to inspect the HPC stages 1, 2, 3 and 4 rotor path liners," that "[t]hese actions are unacceptable as they put at risk the engine serviceability," and that "Mr. Ruiz has been terminated from his duties due to this delicate matter."

21. Despite these acknowledgements and admissions of liability, ATOPS has since denied any fault, refused to take responsibility for the harm caused to Pegasus, and has rejected Pegasus's offers to resolve this matter, including by having ATOPS purchase the Engine from Pegasus at the fair market value of the Engine in serviceable condition, consistent with ATOPS's inspection.

22. In sum, Pegasus received a borescope inspection from ATOPS that was blatantly defective in its failure to inspect the HP Compressor Rotor Path Liners. This failure by ATOPS to comply with a basic requirement of a full borescope inspection was not in conformity with the terms of the parties' agreement or ATOPS's repeated and widespread representations from a company that holds itself out as an expert in aircraft borescope inspections.

## FIRST CAUSE OF ACTION AND CLAIM
### (Breach of Contract)

23. Pegasus incorporates the allegations in Paragraphs 1-22 as though fully set forth herein.

24. Pegasus and ATOPS entered into a contract wherein ATOPS agreed to provide aircraft engine inspection services to Pegasus, including, *inter alia*, accomplishing a full borescope inspection on the Engine.

25. Pegasus provided ATOPS all necessary information concerning the Engine in order for ATOPS to provide its services.

26. ATOPS breached its contract with Pegasus by failing to provide the services it promised to provide, including accomplishing a full borescope inspection on the Engine that should have detected the same issues and failures detected by GA Telesis's borescope inspector.

27. Specifically, ATOPS failed to inspect the HP Compressor Rotor Path Liners of the Engine, despite ATOPS promising that it would accomplish a full borescope inspection of the Engine.

28. As a direct and proximate result of ATOPS's breach of its agreement with Pegasus, as alleged herein, Pegasus has been damaged in an amount significantly in excess of the jurisdictional limit, plus interest, attorneys' fees, and costs as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Pegasus prays for relief as follows:

1. For damages in an amount to be proven at trial;
2. For interest on the aggregate of the foregoing amounts;
3. For costs;
4. For reasonable attorneys' fees; and
5. For any other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pegasus hereby requests trial by jury on all issues so triable.

DATED:  July 27, 2021  BERGER SINGERMAN LLP
1450 Brickell Avenue
Suite 1900
Miami, FL  33131
Phone: (305) 755-9500

By:  /s/ *Fred O. Goldberg*
Fred O. Goldberg
Florida Bar No. 898619
Direct Line:    (305) 714-4381
fgoldberg@bergersingerman.com

Ricard R. Patch*
Scott C. Hall*
Hannah L. Jones*
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA  94104-5500
Telephone:    (415) 391-4800
Email:          ef-rrp@cpdb.com
                    ef-sch@cpdb.com
                    ef-hlj@cpdb.com

Attorneys for Plaintiff
PEGASUS AVIATION IV, INC.

(*Of the California bar
*Pro Hac Vice* Application To Be Filed)